■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, on the Complaint of SONIA MALDONADO, Petitioner, v NATIONAL ECONOMIC DEVELOPMENT ASSOCIATION, Respondent. — Application brought pursuant to section 298 of the Executive Law and CPLR article 78 to enforce an order of the State Division of Human Rights dated on or about February 26, 1981, which, *inter alia,* directed payment of damages to complainant, granted, without costs. The record supports the finding of sexual harassment. It also discloses that respondent appeared generally by counsel on February 25, 1980, at which time an adjournment was requested and granted. Although counsel did not appear at the adjourned hearing she was contacted by telephone and consented that the hearing proceed upon condition that the respondent would have the right to reopen the proceeding in the event that it deemed reopening appropriate. No such request was ever made. In these circumstances we conclude that in personam jurisdiction was obtained. As to the amount to be awarded as compensation for loss of earnings, we recognize that the failure of respondent National Economic Development Association to present evidence or to submit any papers in opposition to the instant application makes it impossible to determine the amount of damages. Accordingly, we direct that the order to be entered herein be settled upon notice which shall set forth the precise damages suffered by the complainant. In the event that the parties are unable to reach agreement on the question of compensation to be paid to complainant within 20 days from the date of the publication of this memorandum the matter will be remanded for the purpose of fixing such compensation. Concur — Sandler, J. P., Ross and Bloom, JJ.

Silverman, J., dissents in a memorandum as follows: I would not grant a final order on default at this stage but would direct a hearing as to various issues on which it seems to me the record is inadequate for us to be able to render a final determination. These issues include: 1. Jurisdiction of the person of respondent. An enforcement proceeding under section 298 of the Executive Law is apparently a special proceeding. Apparently respondent is no longer in New York. It seems unlikely that mailing the notice of motion to respondent and to an attorney is valid service (the attorney represented respondent before the Human Rights Division but apparently only to the extent of requesting an adjournment). (Cf. CPLR 403, subd [c]; 311, subd 1; General Associations Law, § 13.) 2. The division did not find the amount to be awarded as compensation for loss of earnings but merely set forth a method for computing it. Among the items now claimed by the employee is $2,000 as "estimated value of pension and annuity that would have been earned," etc. This is, as it says, an "estimate." Perhaps the amount could be made certain by calculation on settlement of the order; otherwise there would have to be an inquest before a court or referee (see CPLR 3215, subds [a], [b]). Settle order.

■ MAUREEN LAURA v JACK LAURA. — Motion for resettlement deemed a motion for reargument, and said motion is denied as untimely (rule 600.14, Rules of App Div, 1st Dept, 22 NYCRR 600.14), without prejudice, however, to timely appeal from the order of Special Term, Part I, Bronx County, dated July 10, 1981, if and when entered as a judgment. Concur — Birns, J. P., Sandler, Ross, Markewich and Silverman, JJ.